# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NERY CALDERON,

    Petitioner

v.

WARDEN,

    Respondent.

Case No. 2:19-10219-SVW (GJS)

**ORDER: DISMISSING ACTION; AND DENYING A CERTIFICATE OF APPEALABILITY**

On December 2, 2019, the Clerk's Office received an eight-line unsigned letter from Nery Calderon ("Petitioner"), which attached four pages of documents that had been filed repeatedly in Petitioner's prior habeas action in this District. The Clerk's Office opted to treat the letter and attached pages as a 28 U.S.C. § 2254 habeas petition [Dkt. 1, "Petition"], even though it is unsigned, does not contain *any* of the information required to set forth in a Section 2254 habeas petition (*see* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts), and does not plead any habeas claim for relief. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for a writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition – like Petitioner's prior

habeas petitions described below – is fully unexhausted[1] and Petitioner is not entitled to a stay. Therefore, as explained below, this action must be dismissed.

**BACKGROUND**

The instant Petition fails to provide any information about Petitioner's state conviction or any post-conviction proceedings. The Court, however, is familiar with Petitioner's state proceedings due to his prior actions in this District. In addition, pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets of the California Court of Appeal and the California Supreme Court available electronically, which contain the following information.

In September 2016, Petitioner was convicted in Los Angeles County Superior Court Case No. VA132252 of five counts of lewd acts on a child under 14 and one count of sexual abuse of a child as to one of his victims, and of three counts of rape, one count of aggravated sexual assault of a child, one count of forcible lewd act on a child, and two counts of lewd act on a child as to his other victim. Through appellate counsel, Petitioner pursued a direct appeal, in which he raised a single claim, namely, that the trial court improperly admitted into evidence a police interview that allegedly was obtained in violation of Petitioner's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The California Court of Appeal rejected the claim on its merits and affirmed the criminal judgment. [*See* May 25, 2017 decision in Case No. B277717.] Petitioner's appellate counsel then filed a petition for review with respect to this *Miranda* claim, which was denied on August 9, 2017 [Case No. S242211.]

On July 30, 2018, Petitioner filed a pro se habeas petition in the California Court of Appeal, which was denied on July 31, 2018 [Case No. B291592]. On

---

[1] The Court may raise exhaustion problems sua sponte and dismiss a petition summarily for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

2

March 22, 2019, Petitioner filed a notice of appeal in the California Court of Appeal, by which he purported to appeal his above-noted September 2016 conviction for a second time. On April 4, 2019, the California Court of Appeal dismissed the putative appeal as an improper, impermissible, and untimely second appeal (Case No. B296454).

The dockets for the California Supreme Court show that Petitioner's only filing in the state high court was his above-described direct appeal petitioner for review raising his *Miranda* claim. Petitioner has not sought habeas relief in the California Supreme Court.

On September 11, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District in Case No. 2:18-cv-07914-SVW (GJS) (the "7914 Action"). On September 13, 2018, the original petition in the 7914 Action was dismissed with leave to amend, because it was incomplete, unsigned, failed to name a Respondent, and failed to state any habeas claim. On September 28, 2018, Petitioner filed a First Amended Petition in the 7914 Action and then, on October 4, 2018, filed a Second Amended Petition, which challenged Petitioner's Los Angeles Superior Court conviction in Case No. VA132252. On October 15, 2018, Petitioner was advised that the Second Amended Petition was fully unexhausted and of his attendant options. Petitioner thereafter filed multiple, duplicative motions seeking a *Rhines* stay, which were denied on February 28, 2019, and the 7914 Action was dismissed without prejudice for lack of exhaustion.

After Petitioner initiated the 7914 Action, he filed a separate 28 U.S.C. § 2254 habeas petition in the United States District Court for the Northern District of California in late October 2018, which thereafter was transferred to this District and assigned Case No. 2:18-cv-10266-SVW (GJS) (the "10266 Action"). The petition in the 10266 Action – like the Second Amended Petition in the 7914 Action – challenged Petitioner's conviction in LASC Case No. VA132252 and raised essentially the same two claims, namely, that: Petitioner's daughters falsely accused

him of molestation; and Petitioner was ill at the time of his state criminal proceedings and utilized an interpreter and, therefore, did not understand those proceedings. On January 22, 2019, the Court dismissed the 10266 Action as duplicative of the 7914 Action.

Petitioner did not appeal the Judgments entered in the 7914 Action and the 10266 Action.

**DISMISSAL FOR LACK OF EXHAUSTION REMAINS REQUIRED**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See Baldwin*, 541 U.S. at 29 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d

1240, 1242 (9th Cir. 1998).

The state court record indicates that the *only* claim Petitioner may have exhausted is the *Miranda* claim raised on direct appeal. He has never attempted to raise that claim in this Court, instead asserting only the above-noted two claims. Because Petitioner has not filed a California Supreme Court habeas petition, any claims he raised in his July 2018 California Court of Appeal habeas petition, whether or not they included those two claims, necessarily are unexhausted. In the 7914 Action, the Court expressly advised Petitioner of his failure to exhaust and of its consequences. Nonetheless, following the dismissal of the 7914 Action for lack of exhaustion, Petitioner *still* has not exhausted any federal habeas claim he might wish to pursue in this District. Petitioner stands in the very same position that he did when the 7914 Action was dismissed on February 28, 2019.

As noted above, the Court denied Petitioner's prior request for a *Rhines* stay in the 7914 Action. Although Petitioner has not asked for such a stay with respect to the instant unexhausted Petition, the Court notes that, even if he had, any such request necessarily would have to be denied for the same reasons that required denial in the 7914 Action [*see* Dkt. 12 at 4-8, explaining why the "potentially meritorious" requirement for a *Rhines* stay did not exist with respect to Petitioner's claims). The instant Petition merely re-presents four documents already filed multiple times in the 7914 Action, which, if construed liberally, appear to raise the same two claims raised in the 7914 Action (as described above). These same documents were before the Court when it concluded that a *Rhines* stay was not permitted. The Court already has considered Petitioner's assertions and found them wanting; simply re-filing the same documents does not change anything or take care of the lack of exhaustion problem that Petitioner has failed to cure. Put otherwise, nothing has changed since the February 2019 dismissal of the 7914 Action, and Petitioner's successive presentation of previously-considered documents does not cause the Court to changes its prior findings, which Petitioner chose not to appeal.

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of this action is required by Rule 4, because the letter with attached pages submitted by Petitioner, even if construed as a Section 2254 habeas petition, presents only a fully unexhausted petition. Accordingly, IT IS ORDERED that: this action is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED: December 18, 2019

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE